ALLEN B. H. McGEE, Plaintiff in Error, v. JESSE RIDDLES-BARGER et als., Defendants in Error.

*Bills and Notes—Assignments—Mortgage.*—A note may be assigned by a separate and distinct paper; and where a party conveyed real estate by deed of mortgage, and also "all his notes, bonds, accounts and evidences of debt," the title to such *choses in action*, although not delivered, passed to the mortgagee as against an execution creditor.

*Error to Kansas City Court of Common Pleas.*

*Holmes* and *Black*, for plaintiff in error.

I. The defendants can only claim the proceeds of the note by virtue of the record of their mortgage under "Act relating to fraudulent conveyances"—R. C. 1855, p. 804, § 8.

Negotiable promissory notes and bills of exchange are not included within that section. The language "personal prop-

erty" does not include choses in action as there used. It only applies to such property as has a *locus in quo*, a *situs*, a place where record can be made. Negotiable paper has no *situs*—Bank of U. S. v. Huth, 4 B. Mon. 448; Marsh v. Woodbury, 1 Metc. (Mass.) 436. The record of the mortgage as to such property being therefore unauthorized avails nothing—15 Mo. 416.

II. The general clause in the mortgage, "all bonds, bills," &c., is too indefinite to pass any title without delivery.

III. Under our law and practice, in pledges, mortgages and assignments of negotiable paper no written assignment is necessary. Delivery is the gist of the transfer, and without it no title passes as against intervening parties—3 Kent's Com. 119, and notes 1 & 4, 10th ed.

IV. The service of garnishment arrests the debt in the hands of the garnishee, and gives notice of the claimant to the debtor, which, being prior to any notice of assignment by the mortgagees, and stronger than any equity they may have, must prevail—21 Mo. 139. Much less can the defendants after a lapse of five years now come into court, and obtain the proceeds of this note without showing, or attempting to explain, why the note has always been in the possession and control of the mortgagor.

*Sawyer* and *Chrisman*, for defendants in error.

I. The mortgage from McDaniel to Riddlesbarger *et al.* conveyed to the grantees all the "notes and evidences of debt" then belonging to the mortgagor. The note referred to in answer of garnishee was one of the notes of garnishee at the date of said mortgage, and was embraced in and transferred by said mortgage—Page et al. v. Gardner, 20 Mo. 507; 2 Pick. 362, 12 Serg. & R. 269; 3 Gratt. 518.

II. The answer of the garnishee disclosing the fact that the note set up in said answer was negotiable, and his belief that it was assigned to defendants in error before he was garnished, said defendants in error were proper parties in the court below in order to a proper determination of said

garnishment and the proceedings thereunder—R. C. 1855, p. 247, § 27, & p. 260, § 77.

III. It matters not that the garnishee was not notified of the assignment of the note before garnishment, his being notified before answering, or payment, being sufficient to render him liable as garnishee.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff in error obtained judgment in the Kansas City Court of Common Pleas against Thompson McDaniel, and had execution issued, under which Harrison H. Ratcliffe was summoned as garnishee. Ratcliffe in his answer stated that in the year 1858 he executed to said McDaniel his negotiable promissory note, due April 1st, 1861, on which there was a balance still due ; that he did not know whether at the time of the service of the garnishment, or of his answering, McDaniel still owned the note or not, but that he had been informed and believed that the defendants in error, Riddlesbarger and others, claimed to be the owners of the note by virtue of a mortgage made to them by McDaniel about May 25, 1860, and not knowing who was the legal owner of the note, asked to be protected, &c.

After the answer of the garnishee was filed, the defendants in error came into court and filed their interplea, setting up their right to the note under the mortgage to them by McDaniel before the date of said garnishment, and asking the amount due on the note be adjudged them.

The issue upon the interplea was tried, and the court held that the note due from the garnishee was transferred by the mortgage to Riddlesbarger and others, and gave judgment in their behalf.

The mortgage after conveying certain real estate and personal property, also " assigns all the notes, bonds, accounts and evidences of debt" of the mortgagor to the mortgagees, and a provision is inserted in the mortgage that if default is made in the payment of the debt for which it was given, the mortgagees should sell the mortgaged property, after giving

a specified notice. The mortgage remained unsatisfied at the time of the trial of this cause.

The material question in the case is, whether the deed of mortgage transferred the title in the note, executed by the garnishee to the defendant in the execution, to the interpleaders, so as to enable them to make a successful defence against the execution creditor. It is admitted that the note was retained by the mortgagor, but he had never attempted to collect the money upon it, nor use it as his own.

We do not think that the recording of the mortgage imparted any notice to creditors of the assignment of the note, according to the eighth section of the act of 1855 concerning fraudulent conveyances, for that section simply refers to personal property, or to goods and chattels, and not to mere choses in action. But a note or bond may be assigned and transferred by a separate and distinct paper.

The conveyance assigning to the interpleaders all the notes, bonds, accounts and evidences of debt of the mortgagor, had the effect of passing all the property and effects embraced in it to them. It is of no consequence that the instrument which is the subject of this controversy is a negotiable promissory note, for it was long past due when the garnishment was served, and the execution creditor could not divest it of any equity that attached to it. The garnishee stated in his answer that he was informed and believed that the note was transferred and belonged to the interpleaders, and they immediately appeared in court and claimed the same. On the issue made up, they showed title by the assignment contained in the mortgage. There was no rebutting testimony offered. We cannot decide the assignment fraudulent per se, and as there was no evidence introduced attacking it for actual fraud, we must affirm the judgment.

Judgment affirmed. The other judges concur.